UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **NICHOLAS A. MONACHINO,** | ) | **CASE NO. 1:24 CV 510** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **VILLAGE OF WALTON HILLS** | ) | **MEMORANDUM OF OPINION** |
| **POLICE DEPARTMENT**, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Nicholas Monachino, an Ohio prisoner, has filed an *in forma pauperis* prisoner civil rights complaint in this case under 42 U.S.C. § 1983 against the Village of Walton Hills Police Department and individual Walton Hills police officers. (Doc. No. 1.) On April 29, 2022, Walton Hills police officers pulled Plaintiff over for erratic driving. After the stop, Plaintiff was let go by the officers with a warning and shortly thereafter, he rear-ended a motorcycle, which resulted in the deaths of the driver and a passenger and criminal charges against him. He was convicted in Portage County of aggravated vehicular homicide, failure to stop after an accident, and OVI and was sentenced to a total of 15 to 18 years' imprisonment. His convictions and sentenced were affirmed by the Ohio Court of Appeals. *See State v. Monachino*, 2023 -Ohio- 4857, ¶ 8, 2023 WL 9052865, at *2 (Ohio App. 11th Dist., 2023).

In his complaint, Plaintiff claims Walton Hills police officers violated his rights by releasing him after he was stopped. Plaintiff claims he was obviously intoxicated and that the police should not have let him drive away. He contends the Walton Hills Police Department is liable because it "failed to maintain a policy, practice, or custom of requiring intoxicated drivers driving recklessly to be arrested," rather than vesting discretion in officers as to whether to effectuate an arrest. (Doc. No. at 2, ¶¶ 2, 3.) He seeks "compensatory, declaratory, and . . . other relief." (*Id.* at 1.)

**Standard of Review and Discussion**

District courts are expressly required to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard for articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

The Court finds that Plaintiff's complaint warrants dismissal under § 1915(e)(2)(B) for failure to state a claim. To state a § 1983 claim, a plaintiff must demonstrate that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Paige v. Coyner*, 614 F.3d 273, 275 (6th Cir. 2010). Plaintiff's

allegations do not support a finding that he was deprived of a right secured by the Constitution or laws of the United States.

The Due Process Clause of the Constitution protects individuals against unlawful governmental interference with their right to life, liberty and property. When the state limits an individual's ability to care for himself by, for example, incarceration in a prison or involuntary confinement in a mental hospital, the Constitution imposes an affirmative duty of care and protection. *Foy v. City of Berea*, 58 F.3d 227, 231(6th Cir. 1995). "There is no such affirmative duty, however, absent such restraint*." Id.* Thus, in *Foy*, the Sixth Circuit held that a police officer does not violate a plaintiff's constitutional rights where the officer does not restrain the plaintiff's liberty and did not prevent the plaintiff from protecting himself from the risks associated with his own intoxication.

Here, as in *Foy*, the Defendant police officers did not make an arrest and did not restrain Plaintiff's liberty or prevent him from protecting himself from his own intoxication, and he cannot claim that his rights were violated as a result of the officers' failure to arrest him.[1] As the *Foy* Court stated: "Neither the Supreme Court nor this court has announced a clearly established right of persons not in custody or incarcerated to recover for a substantive due process violation because the police permitted them to go on their way after a brief encounter." *Foy*, 58 F.3d at 232.

---

[1] A different case might be presented if Plaintiff's *victims* asserted a claim for a violation of their rights. *See, e.g, Reed v. Gardner*, 986 F.2d 1122 (7th Cir. 1993) (holding that state actors created a risk of danger to plaintiffs – who were highway travelers injured by a drunk driver – by arresting a sober driver and leaving an obviously drunk driver at the wheel of a vehicle). But that is not the case here; police officers did not expose Plaintiff, or render him any more vulnerable, to a danger than he would not have otherwise been exposed.

**Conclusion**

For the foregoing reasons, Plaintiff's complaint fails to state a plausible claim and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                    5/28/2024
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE